Mills *v.* Block.

——————◄●►——————

## MILLS & RAY *vs.* BLOCK and others.

A creditor who has commenced an action at law, for the recovery of his debt, in which an attachment has been issued and levied upon the property of the debtor, cannot bring a second action in the supreme court, for the recovery of his debt, to set aside an alleged fraudulent judgment previously recovered against the debtor, and for an injunction to restrain the paying over of the proceeds of a sale of property levied upon by virtue of an execution issued on such judgment. ROOSEVELT, P. J., dissented.

In such a case the creditor must wait until he has established his debt by judgment, before he will be entitled to an injunction, or other equitable relief against the judgment alleged to be fraudulent.

And *it seems* the creditor has a complete remedy *at law,* by proceeding with the attachment suit, obtaining a judgment therein, and selling the property, under it.

APPEAL from an order denying a motion made by the defendant Block, to dissolve an injunction. The complaint alleged that on the 30th of March, 1859, the defendant Moise Franck being indebted to the plaintiffs in the sum of $428.21, for goods sold and delivered, the plaintiffs commenced an action in this court against him, for the recovery of the debt. That an attachment was issued in the action, directed to the sheriff of New York, by virtue of which the sheriff duly levied upon and seized a large amount of goods, the property of Franck. That prior to the commencement of the said action of the plaintiffs and the issuing of the attachment therein, and on the 25th of March, 1859, a judgment was entered in this court, in favor of the defendant Block, for $5389.50, against said Franck, and an execution thereon issued against the property of Franck, directed to the sheriff of New York, under and by virtue of which the sheriff levied upon the said property of Franck; the levy being made before the plaintiffs' attachment was levied thereon. That the sheriff had advertised the property so levied on, for sale, upon the execution. The plaintiffs alleged, on information and belief, that the said judgment was obtained fraudulently and by a fraudulent combination and collusion by and between Franck and Block to have the judgment entered for the purpose of defrauding the creditors of Franck, and of defrauding the plaintiffs; and that the said judgment was not founded on any real or actual indebtedness of Franck to Block, &c. And the plaintiffs claimed and insisted that such judgment was, upon its face, fraudulent and void as to the creditors of Franck. And they prayed for an injunction to restrain the defendants from making any disposition of the proceeds that might arise from the sale of the property under said execution, until the further order of the court; and that the sheriff of New York, his deputies, &c. might be restrained from paying over to Block, or any other person, any money that might be realized from, or the proceeds of, the sale that might be made on the execution. A receiver was also prayed for. The defendants an-

swered, separately. An injunction having been issued, as prayed for, the defendant Block moved, at a special term, to dissolve the same. His motion was denied, with costs.

*D. Evans,* for the plaintiffs.

*F. H. B. Bryan,* for the defendant Block.

SUTHERLAND, J. On the plaintiffs' own showing, in their complaint, they are not entitled to any of the equitable relief asked for by the complaint.

The action is brought for the benefit of themselves alone, and not for the benefit of themselves and all other creditors of the defendant Moise Franck.

The plaintiffs have not established their debt by judgment, and they could not reach Franck's property by execution, if the alleged fraudulent judgment, execution and levy under it, which they have permitted Block to obtain, were at once declared fraudulent and void, and were removed out of their way.

Although it appears from the plaintiffs' complaint, that prior to the commencement of this action they commenced an action at law for their debt, in which an attachment was regularly issued, and, as they allege, properly levied on the property of Franck, fraudulently disposed of, or intended to be disposed of, by and under the fraudulent judgment, yet they also ask for a judgment for their debt in this action ; and in the mean time, and until such judgment shall be obtained and the fraudulent judgment be declared fraudulent and removed, they ask that the defendants Franck and Block, and the sheriff, may be restrained by injunction from proceeding under the alleged fraudulent judgment, execution, &c.

The plaintiffs ask for this injunction, and that Block's judgment may be declared fraudulent and void, on the ground that they have acquired a *lien* on the property, by their attachment.

I much doubt whether their attachment has been levied so as to give them this *lien;* for it appears from the complaint that their attachment was delivered to the sheriff after the execution on Block's judgment had been issued and levied by the same sheriff, and that the sheriff held the property under the execution when the attachment was delivered to him, and he is alleged to have levied on it under the attachment. I do not see how a sheriff can hold property under an execution with one hand, and levy on it with an attachment in the other hand, the property then being in the custody of the law.

But conceding that the levy under the attachment was legal and proper, and that the plaintiffs did thereby acquire a lien, I am not aware of any case in which it has ever been held that such a lien gave them a right to ask for the injunction and the other equitable relief asked for in this action. In *Falconer* v. *Freeman* (4 *Sandf. Ch. R.* 565) the attachment was issued under the revised statutes, and the action was for the benefit of the plaintiffs and all other creditors of the defendant.

It would appear to be perfectly settled, that the plaintiffs must wait until they establish their debt by judgment, before they will be entitled to the injunction and the other equitable relief asked for in their complaint. (*Wiggins* v. *Armstrong*, 2 *John. Ch. R.* 144. *Reubens* v. *Joel*, 3 *Kernan*, 488.)

Besides; why, on the plaintiffs' own showing, have they not a complete remedy at law. Assuming that their attachment was regularly issued, and properly levied, so as to give them a lien, it as effectually restrains any disposition of the property until they obtain their judgment, as an injunction would; and when they do obtain their judgment, they can proceed and sell under it, at the peril and risk of being able to show that Block's judgment is fraudulent and void.

I think the injunction, which was granted in this action, was improperly granted, and that the order appealed from denying the motion of the defendant Block, that the injunction be dissolved, should be reversed with costs.

Cumberland Coal Co. *v.* Sherman.

I cannot see that the act of 1857, authorizing an attachment to issue on the ground that the debtor "has removed, or is about to remove, any of his property from the state with intent to defraud his creditors, or *has assigned, disposed of*, or *secreted*, or *is about to assign*, &c. any of his property with like intent," has any bearing on the question.

CLERKE, J., concurred.

ROOSEVELT, P. J., dissented.

Order appealed from, reversed.

[NEW YORK GENERAL TERM, December 23, 1859. *Roosevelt, Clerke* and *Sutherland*, Justices.]