## SUPREME COURT.

THE MECHANICS' AND TRADERS' BANK OF JERSEY CITY agt. HENRY DAKIN, DITMARS JEWELL AND FITE MILLER.

The *lien* acquired by the levy of an *attachment* under the Code, *even on chattels* alleged to have been fraudulently assigned, will not *alone* authorise an action to set aside the assignment as fraudulent, either before or after judgment in the attachment suit.

An *assignment of a bond and mortgage* by a non-resident debtor, alleged to be fraudulent, does not authorise the judgment creditor to bring an action to set aside the assignment as a fraudulent obstruction, and to remove it out of the way of his execution, for the plaintiff could not reach or sell the bond and mortgage or the mortgage debt, by or under his execution, if the assignment were declared fraudulent and void, nor could he even if the assignment had not been made by the debtor.

*New York Special Term, March,* 1865.

THE complaint in this action alleges that defendant Dakin, July 21, 1862, was indebted to plaintiffs upon his note dated March 1, 1862, in the sum of $3,740.82 and interest ; that plaintiffs commenced an action in this court against Dakin on said note, July 23, 1862, and in that action an attachment against Dakin's property was issued, he being a non-resident ; that the attachment was directed to

the sheriff of Tompkins county, who August 1, 1862, exe-
cuted the attachment by levying upon an indebtedness due
by the defendant Fite Miller, to said Dakin, arising on the
bond of said Miller given to said Dakin for the sum of
$4,000, which indebtedness amounted to the sum of $3,750,
with interest from July 1, 1862, the payment of which was
secured by a mortgage on certain real estate situate in
the county of Tompkins, made and executed by said Miller
to said defendant Dakin, bearing date April 14, 1857, and
duly recorded in Tompkins county clerk's office on the 16th
day of April, 1857 ; that said sheriff on said 1st of August,
duly served on said defendant Miller, a certified copy of
said warrant of attachment, together with a notice show-
ing the property attached and levied upon, and particularly
describing said indebtedness and said bond and mortgage,
and received a certificate from said Miller, signed by him,
in which he certified that he was indebted to said Dakin
in the said sum of $3,750 and interest, and that the same
was secured by said mortgage ; that said sheriff duly made
and returned an inventory of the property so attached,
and appraised the same, and proceeded in all matters under
said attachment in the manner required of him by law ;
that plaintiffs in that action obtained judgment against
Dakin for $4,416.19, April 7, 1863, and filed a transcript
thereof in Tompkins county, and the judgment was dock-
eted there on the 8th April, 1863 ; that execution on said
judgment against the property of Dakin was issued to the
sheriff of Tompkins county April 8, 1863, which execution
is still in the hands of said sheriff and never has been
returned ; that Dakin has no property real or personal, out
of which said judgment or any part of it can be satisfied
except said bond and mortgage, and the indebtedness secured
to be paid thereby ; that the plaintiff acquired a lien upon
said bond and mortgage and the indebtedness secured to
be paid thereby, by virtue of said attachment and execu-
tion, and they are prevented enforcing it by reason of the

fraudulent assignment thereof to the defendant Jewell; that on or about the 26th March, 1862, and after the making and delivery of the promissory note aforesaid by said Dakin, he, the said defendant Dakin, made or pretended to make an assignment of said bond and mortgage to the defendant Ditmars Jewell, which assignment was recorded in Tompkins county clerk's office April 4, 1862. And the plaintiffs charge that said assignment was fraudulent, and was made by said Dakin with intent to hinder, defraud and delay his creditors, and especially the plaintiffs, in the collection of their said demand, and that the same was made to prevent the plaintiffs from collecting the amount due them on said promissory note. That said defendant Jewell is a brother-in-law of said Dakin; that as plaintiffs are informed and believe, the said Jewell did not pay any consideration or value for said assignment, but the same was made wholly without consideration; that said Dakin still continues, in effect, the owner of said bond and mortgage, and the interest that has been paid thereon since said pretended assignment has been paid to said Dakin, and received by him to his own use; that a copy of said attachment was soon after the commencement of the action aforesaid, served upon the said defendant Jewell.

The complaint then demands judgment as follows : That the assignment of the bond and mortgage be adjudged to be fraudulent and void as against the plaintiffs; that the title to the bond and mortgage be adjudged to be in Dakin ; that the bond and mortgage be adjudged to be subject to the lien of the attachment and execution; that the sheriff be authorised to collect this bond and mortgage from Fite Miller, and employ the proceeds to the satisfaction of the plaintiffs' judgment and execution ; that the parties may be enjoined, &c., *pen dente lite.*

The answer of the defendant Fite Miller, admits the execution of the bond and mortgage, and that there is due thereon $3,750, and interest from July 1, 1863 ; admits

that on July 21, 1862, the sheriff of Tompkins county served on him the attachment, and attached the bond and mortgage; denies knowledge, &c., as to the regularity of the plaintiffs proceedings under the attachment; avers that interest is paid to July 1, 1863; avers that plaintiffs and Jewell both claim the bond and mortgage adversely to each other, and that he, the defendant, is ready to pay the right owner, and cannot determine who that is, whether the plaintiffs or Jewell; denies each and every allegation not expressly admitted. The answer of the defendant Dakin denies knowledge, &c., as to plaintiffs being a corporation; denies knowledge, &c., as to whether attachment was issued; admits service of attachment on Miller, but denies knowledge as to whether Miller gave a certificate, and says if it was given it was not true; denies that sheriff attached any indebtedness of Miller to him; denies that Miller was indebted to him when attachment was served; avers that on August 1, 1862, and for four months anterior thereto, and ever since, defendant Jewell was the legal holder and owner of the indebtedness and bond and mortgage, and solely entitled to demand and receive said indebtedness; denies knowledge, &c., of inventory, appraisement, proceedings under attachment, judgment, transcript, docketing and execution; admits that he had no property in the state of New York, wherewith to satisfy plaintiffs' judgment in whole or in part; denies he has any interest in the bond and mortgage; avers that the judgment is founded on the note to Bramhall, dated March 1, 1861; that as collateral for the note Bramhall holds a mortgage on an undivided one-third of real estate in Vermont, purchased chiefly by defendant of Bramhall; denies that the plaintiffs have any right to have satisfaction of their judgment out of the bond and mortgage; denies that the assignment to Jewell was or is fraudulent; admits that on March 26, 1862, he assigned the bond and mortgage to Jewell; avers that he assigned, sold and delivered the bond and mortgage in good

faith, and Jewell purchased them in good faith for $3,500, then and shortly subsequent, paid by said Jewell to defendant in cash, and that such assignment was valid ; asks leave to refer to assignment and bond and mortgage in the possession of Jewell since the assignment; denies that the assignment was fraudulent; denies that the assignment was made and delivered, or received with any fraudulent intent, or with any such intent or design as is averred by the plaintiffs ; avers that he received full consideration for the assignment, and that he has not been the owner of the bond and mortgage since the assignment, and has had no interest in it; denies that any interest since the assignment has been paid to him as his own, or received as his own, or for his use ; avers that any such interest by him received since the assignment, was received by him as the agent, and for the use of Jewell, on the receipt thereof; denies all fraud and fraudulent purpose, design or practice, averred or charged in plaintiffs' complaint. Answer of defendant Jewell, denies knowledge, &c., of plaintiffs being a corporation, and of Dakin's indebtedness; denies knowledge, &c., as to attachment and the proceedings under it ; admits that sheriff served attachment on Miller as alleged, but denies knowledge, &c., as to whether Miller gave certificate, and says if it was given it was not true ; denies that sheriff attached any indebtedness of Miller to Dakin ; denies that Miller was indebted to Dakin when the attachment was served ; avers that on August 1, 1862, and for four months anterior thereto, and ever since, he was the exclusive legal holder and owner of said indebtedness ; denies knowledge, &c., of inventory, appraisement, proceedings under the attachment, judgment, transcript, docketing, execution, and whether it can be satisfied ; denies knowledge, &c., as to whether Dakin has property in this state, and avers that plaintiffs have no right to have the execution satisfied out of the bond and mortgage; denies that the plaintiffs have acquired any lien on the bond and mortgage by the attach-

ment; denies that the assignment is fraudulent; avers that Dakin, March 26, 1862, duly assigned said bond and mortgage, and it was recorded, &c.; avers that Dakin assigned, sold and delivered the bond and mortgage in good faith, for $3,500, then and shortly thereafter paid by defendant to Dakin in cash; such assignment being in writing in due form of law, acknowledged and recorded; asks leave to refer to assignment, and bond and mortgage, which since March 26, 1862, was in his, Jewell's, personal custody and possession; denies that the assignment was fraudulent; denies that the assignment was given or received with any fraudulent intent, or with any intent or design averred by the plaintiffs; avers that he paid a full consideration for the assignment, and that Dakin has not been the owner of the bond and mortgage since the assignment, and has had no interest in it; denies that any interest since the assignment has been paid to Dakin as his own, or been received by Dakin as his own, or for his own use; avers that any such interest received by Dakin since the assignment was received by him as the agent, and for the use of him, Jewell, and that he paid such interest to him, Jewell, on the receipt thereof; admits the service of the attachment on him as alleged, and says he gave the sheriff a certificate that on March 26, 1862, he purchased the bond and mortgage of Dakin, and paid him for it in full, and then held it in his possession; denies all fraud, fraudulent intent and practice, wherewith he is charged.

Dakin was a resident of the state of Vermont, as admitted by the answers, and sworn to by the witnesses on the trial.

On the trial, the plaintiffs claimed that the only disputed question of fact in the case was as to whether the assignment of the bond and mortgage by Dakin to Jewell, dated March 26, 1862, was fraudulent and void as against the plaintiffs, who were creditors of Dakin. That from the testimony of Edmund C. Bramhall, a witness sworn on the

trial, could be gathered the connection and situation of Bramhall and Dakin, and the manner in which the note upon which the judgment was recovered, originated. Bramhall advanced money to carry on an enterprise in Vermont, which was expended by Dakin, and, as would appear, in which enterprise both Bramhall and Dakin had an interest. This money was obtained from the plaintiffs by loans to Bramhall. March 27, 1861, Bramhall and Dakin had a settlement, and on that settlement it was ascertained that Dakin owed Bramhall the amount of the note, and Dakin gave the note on which judgment was recovered to Bramhall for the balance thus found due by him on the settlement, and Bramhall indorsed the note to the plaintiffs for the money they had loaned to him, and which had thus been expended by Dakin in his enterprise. The enterprise in which Dakin was thus engaged was not successful. This was evident by the whole of the testimony of Bramhall— he said the money expended was money thrown away. Dakin had given Bramhall to understand while he, Bramhall, was making advances, that the said bond and mortgage of Fite Miller should be given to him as security for such advances. When the enterprise became unsuccessful, Dakin sought to evade the promise to Bramhall to secure him for his advances by means of the Miller bond and mortgage, and when in October, 1861, Bramhall sought to obtain from him the performance of his promises, and thus obtain the bond and mortgage, Dakin refused to give it to him, and stated that he would put the bond and mortgage beyond his, Bramhall's reach. Bramhall testified, that when in Vermont, Dakin had promised him that this bond and mortgage should be applied to this debt, and that afterwards, to wit : in October, 1861, when he again saw Dakin in Vermont, and reminded him of this promise, Dakin then refused to carry out the promise, and threatened to put the bond and mortgage beyond the reach of any one holding this claim.

WILLIAM WILKINSON, *attorney*, and WILLIAM HENRY ARNOUX, *counsel for defendant*,

moved to dismiss the complaint on the merits. 1st. On the ground that the plaintiffs have shown no fraudulent transfer of the bond and mortgage, and no want of consideration. 2d. As matter of law, for want of jurisdiction in the court to grant the judgment in the action against the non-resident defendant Dakin, the summons never having been served on him personally, and there was no appearance (*Code*, § 135, *sub.* 4). The bond and mortgage being personal property and movable, is governed by the law of the domicil of the owner. (*Story's Con. L.* §§ 376 *and* 379; *Sill* agt. *Worewick*, 1 *H. Black.* 690; *Hoffman* agt. *Carow*, 22 *Wend.* 285, *and cases cited under note at end of* § 380, *Story's Con. L.*; *Mackeldey's Civil Law*, 269, § 259; 1 *Edw. Ch.* 645; *Kilbourn* agt. *Woodworth*, 5 *John. R.* 37; *Robinson* agt. *Ward's Executors*, 8 *Id.* 86; *Pawling* agt. *Bird, Executor*, 13 *Id.* 192.) Plaintiffs standing as simple contract creditors, cannot attack an alleged fraudulent assignment. (*Reubens* agt. *Joel*, 13 *N. Y. R.* 488; *Cropsey* agt. *McKinney*, 30 *Barb.* 47.) 3d. Because execution has not been returned *nulla bona.* (*Crippen* agt. *Hudson*, 13 *N. Y. R.* 161; *McElwain* agt. *Willis*, 9 *Wend.* 548; *affirming S. C.* 3 *Paige*, 505; 4 *John. Ch.* 671; *Knauth* agt. *Bassett*, 34 *Barb.* 31; *Andrews* agt. *Durant*, 18 *N. Y. R.* 500; *Willard's Eq. Ju.* 238; *Beck* agt. *Burdett*, 1 *Paige*, 309.) 4th. Because the plaintiffs have not exhausted their legal remedy. (*Wilson* agt. *Forsyth*, 24 *Barb.* 105; *Code*, § 237.)

MARSH, COE & WALLIS, *attorneys*, and LUTHER R. MARSH, *counsel for plaintiffs*,

to sustain the action under the attachment, cited *Code*, §§ 227, 232, 235, 237. That the levy under the execution relates back to the levy under the attachment. (*Skinner*

agt. *Stewart*, 13 *Abb.* 442 ; *Burkhardt* agt. *Sanford*, 7 *How. Pr. Rep.* 259.) This action is not what is commonly known as a judgment creditor's suit, but an action to remove an obstruction that prevents the attachment and execution at law, and it is the province of a court of equity to come in in aid of legal remedies where fraudulent obstructions are placed in the way of their enforcement. In such an action it is not necessary to aver the return of an execution. The creditor having an attachment does not stand in the position of the creditor at large, but a creditor with a special lien, which is to be enforced by the execution. (*Hendricks* agt. *Robinson*, 2 *John. Ch. R.* 283 ; *affirmed in the Court of Errors*, 17 *John. R.* 438 ; *McElwain* agt. *Willis*, 9 *Wend.* 548 ; *Skinner* agt. *Stewart*, 15 *Abb.* 391 ; *Crippen* agt. *Hudson*, 3 *Kern.* 161 ; *Fassett* agt. *Tallmadge, Supreme Court, first district general term, manuscript opinion, June,* 1864 ; *Code,* §§ 235 *and* 237 ; *Falconer* agt. *Freeman,* 4 *Sand. Ch. R.* 565 ; *Rinchey* agt. *Stryker,* 26 *How. Pr. R.* 75, *Court of Appeals.*) As to the insufficiency of the answers in denying that the assignment of the bond and mortgage was fraudulent or made with a fraudulent intent. (*Litchfield* agt. *Pelton*, 6 *Barb.* 187 ; *Dykers* agt. *Woodward,* 7 *How. Pr. R.* 313 ; *Churchill* agt. *Bennett,* 8 *Id.* 309.)

SUTHERLAND, J. My findings of fact, &c., show the ground upon which I dismiss the complaint, irrespective of the question of fraud, or of other questions in the case. The plaintiffs' counsel appears to concede in his points that the action cannot be maintained as a judgment creditor's bill or action, technically, but he insists that the action can be maintained as an action to remove a fraudulent obstruction out of the way of the plaintiffs' execution. But if Dakin had never assigned the bond and mortgage, or if his assignment were declared fraudulent and void, the plaintiffs could not reach or sell the bond and mortgage, or the mortgage debt, by or under the execution. How then

Bensen agt. Suarez.

could or can Dakin's assignment of the bond and mort-
gage be an obstruction in the way of the execution? (*See
Beck* agt. *Burdett,* 1 *Paige,* 305 ; *McElwain* agt. *Willis,* 3 *Id.*
505.)

As the assignment by Dakin to Jewell of the bond and
mortgage, was good between the parties to it, however
fraudulent ·it may have been as to the creditors of Dakin,
I doubt whether the sheriff could attach the same, or the
debt secured thereby, whether the sheriff's proceeding
under the attachment was not nugatory ; but if otherwise,
it has been frequently held by this court that the lien
acquired by the levy of an attachment under the Code,
*even on chattels* alleged to have been fraudulently assigned,
would not *alone* authorise an action to set aside the assign-
ment as fraudulent, either before or after judgment in the
attachment action. (*Wilson* agt. *Forsyth,* 24 *Barb.* 105 ;
*Brooks* agt. *Stone,* 11 *Abbott,* 220 ; *Mills* agt. *Block,* 30
*Barb.* 552.) Indeed this follows from the decision in *Reu-
bens* agt. *Joel* (13 *N. Y. R.* 488). There is nothing in the
decision, or in either of the opinions in *Fassett* agt. *Tall-
madge,* referred to by plaintiffs' counsel, which favors the
plaintiffs' right to maintain this action.

The complaint must be dismissed as to all the defendants,
with costs.